736 So.2d 744 (1999)
S.C., Appellant,
v.
A.L.A. and R.D., Appellees.
Nos. 99-0530, 99-0531.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Virginia P. Sherlock and Howard K. Heims of Littman, Sherlock & Heims, P.A., Stuart, for appellant.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Charlotte Danciu of Charlotte Danciu, P.A., Boca Raton, and Stephen J. Rogers of Stephen J. Rogers, P.A., for appellees.
WARNER, J.
We affirm the trial court's order excusing the birth father's consent to the adoption of his biological child and the court's denial of his connected petition for writ of habeas corpus regarding the child's custody. Appellant claims that the trial court denied him due process in holding a hearing to excuse his consent on an emergency basis. However, appellant knew of the filing of the petition for adoption for five months and had even filed an objection. In addition, the hearing on the petition to excuse his consent was scheduled with more than thirty days notice. Thus, we do not deem this to be a violation of due process.
*745 Appellant also contends that the evidence was insufficient to show that he abandoned his child. The supreme court severely limited appellate review of such findings in In re Adoption of Baby E.A.W., 658 So.2d 961, 966-67 (Fla.1995), cert. denied by G.W.B. v. J.S.W., 516 U.S. 1051, 116 S.Ct. 719, 133 L.Ed.2d 672 (1996). While the trial court must find abandonment by clear and convincing evidence, on review, the appellate court cannot reweigh the testimony and evidence, and must affirm the trial court's ruling if the record contains "`any theory or principle of law which would support the trial court's judgment in favor of terminating ... parental rights.'" Id. at 967 (quoting Kingsley v. Kingsley, 623 So.2d 780, 787 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 625 (Fla.1994)). On this standard of review, the trial court's ruling must be affirmed.
In this case, while the father had legal custody of the child for about nine months, the trial court found that the father's relatives did most of the child rearing. In addition, the father has not provided any financial support since January 1997, when the child was returned to the mother. Nor has the appellant visited or communicated with the child. At some point after January 1997, the appellant was incarcerated for committing crimes during the time he exercised custody of his child. During his incarceration, he made only one early attempt to contact the mother and his child without success. He made no other efforts to find his child. Thus, at the time he was first notified of the petition for adoption, he had not contacted his child for over sixteen months. These findings support the conclusion of the trial court, and pursuant to E.A.W., we are obliged to affirm.
We affirm as to all issues raised in both appeals.
DELL and POLEN, JJ., concur.